# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

SERVICE WITH CLASS CORP.,

        Plaintiff,

v.                                             Case No.  8:16-cv-3453-T-24 AEP

HAWKER BEECHCRAFT SERVICES,

        Defendant.

_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 14), which this Court construes as a motion for leave to amend the complaint using the proper "good cause" standard.  Defendant opposes the motion.  As explained below, the motion is denied.

## I.  Background

On November 23, 2016, Plaintiff Service With Class Corp., an airplane broker, filed suit in state court against Defendant Hawker Beechcraft Services.  (Doc. No. 2).  The complaint related to a pre-purchase airplane inspection that Defendant performed for Plaintiff, which according to Plaintiff, failed to reveal extensive corrosion.  As a result, Plaintiff asserts two claims against Defendant: (1) breach of contract and (2) negligence.

On December 20, 2016, Defendant removed the case to this Court on the basis of diversity subject matter jurisdiction.  Thereafter, on May 1, 2017, Plaintiff filed a motion to amend the complaint to add an additional plaintiff—Beech King 350-395, Corp., the alleged owner of the airplane at issue in this case.  (Doc. No. 12).  This Court denied the motion without prejudice, because: (1) Plaintiff filed the motion to amend after the March 7, 2017 deadline in

the scheduling order for amending the complaint; (2) Plaintiff failed to discuss the appropriate "good cause" standard in its motion; and (3) Plaintiff failed to confer with opposing counsel regarding the motion. (Doc. No. 13). In response to this Court's order, Plaintiff filed the instant motion.

## II.  Motion to Amend

Plaintiff again moves to amend the complaint to add Beech King 350-395, Corp. as a plaintiff. Plaintiff addresses the failure to timely file the motion to amend by stating that counsel's new assistant calendared the wrong date for the deadline for motions to amend. Additionally, Plaintiff contends that "Defendant's counsel has been on notice for months that the undersigned intended to amend the Complaint to add this necessary party as they have discussed discrepancies concerning who entered into the agreement." (Doc. No. 14, p. 4). However, Plaintiff fails to explain why it waited "months" to move to amend, given that it knew of the need to amend months ago.

Defendant opposes the motion, arguing that Plaintiff has not shown good cause for the amendment, as required by Federal Rule of Civil Procedure 16(b)(4). "When a party's motion to amend is filed after the scheduling order's deadline for such motions, the party must show good cause for why leave to amend should be granted." Kendall v. Thaxton Road LLC, 443 F. App'x 388, 393 (11th Cir. 2011). The Court agrees with Defendant that Plaintiff has failed to show good cause. See id. (finding that the plaintiff failed to show good cause when he filed his motion to amend two months after the deadline in the court's scheduling order despite knowing the information supporting the amendment at the time he filed his initial complaint). Accordingly, the Court denies Plaintiff's motion to amended to add an additional plaintiff.

The Court notes that according to Defendant, Plaintiff has mis-named the proper defendant.  It appears that Plaintiff concedes this fact, as Plaintiff has re-named the defendant in its proposed amended complaint.  As such, Plaintiff is directed to file an amended complaint solely to name the proper defendant.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration (Doc. No. 14) is **DENIED**.  Plaintiff is directed to file an amended complaint with attachments, solely to name the proper defendant, by May 26, 2017.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of May, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record