UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OIL CONSULTING ENTERPRISE,
INC.,

    Plaintiff,

v.      Case No. 8:16-cv-3453-T-24AEP

HAWKER BEECHCRAFT GLOBAL
CUSTOMER SUPPORT, LLC d/b/a
HAWKER BEECHCRAFT SERVICES,
n/k/a TEXTRON AVIATION, INC.,

    Defendant.
_____/

## ORDER

This cause came before the Court for a hearing upon Plaintiff's Motion to Compel Production of Documents and Deposition of Corporate Representative (Doc. 33), Defendant's response in opposition thereto (Doc. 40), and Plaintiff's reply (Doc. 48). By the motion, Plaintiff seeks to compel documents responsive to its Request for Production of Documents and to obtain dates for the deposition of Defendant's corporate representative. In response, Defendant contends that the motion should be denied because the motion is untimely and because Defendant provided appropriate answers and valid objections to the requests.

As explained more fully during the hearing, the Court agrees that the motion was untimely. Notably, Plaintiff filed the motion on the last day of the extended discovery deadline, which the Court extended based upon Plaintiff's request (*see* Docs. 30 & 31). On the same day, Plaintiff filed a second motion seeking an extension of time to complete discovery (Doc. 34). Upon consideration, the district judge denied the motion for extension of time to complete discovery, stating that Plaintiff failed to establish good cause for extending the deadlines, as required by Federal Rule of Civil Procedure 16(b)(4), and noting that Plaintiff failed to explain

why depositions could not have occurred prior to the extended discovery deadline (Doc. 39). Indeed, the Middle District of Florida Discovery Handbook addresses the completion of discovery as follows:

### F.   Completion of Discovery

1 -   <u>Deadline for Discovery Completion</u>.   The Court ordinarily sets a discovery completion date through its Case Management and Scheduling Order ("CMSO") (although a Judge may have another method of setting and extending that deadline).  The Court follows the rule that the completion date means that *all discovery must be completed by that date.* For example, interrogatories must be served more than thirty days prior to the completion date to permit the opposing party to respond before the discovery deadline.  Untimely discovery requests are subject to objection on that basis.  Counsel, by agreement, may conduct discovery after the formal completion date but should not expect the Court to resolve discovery disputes arising after the discovery completion date.

Middle District Discovery (2015) at I.F.1 (emphasis in original).  As such, filing a substantive motion to compel on the last day of discovery does not comply with the policy of the Middle District of Florida for the completion of discovery and the resolution of issues related to discovery prior to the discovery deadline.  Instead, "[m]otions to compel must be brought in a timely manner."  *Pushko v. Klebener*, No. 3:05-cv-211-J-25HTS, 2007 WL 2671263, at *2 (M.D. Fla. Sept. 7, 2007) (citations omitted).  In this instance, Plaintiff failed to do so.

Furthermore, Plaintiff did not provide a sufficient explanation or justification for failing to file a motion to compel or otherwise appropriately address Defendant's production or objections prior to the close of discovery.  As Defendant asserts, before filing the instant motion, Plaintiff failed to address or to confer with Defendant regarding Defendant's production or objections.  According to Defendant, Plaintiff received Defendant's responses to discovery and first production on September 19, 2017, and the supplemental responses on November 7, 2017. In its responses, Defendant asserted both general and specific objections.  The general objections primarily concerned confidentiality concerns, but all such issues were previously

2

resolved after entry of a confidentiality order. Further, given the entry of the confidentiality order, nothing was withheld on the basis of privilege, so Defendant did not provide a privilege log, nor was it required to do so.

With respect to the specific objections asserted by Defendant, Plaintiff never sought clarification or attempted to confer with Defendant to resolve those objections before filing the motion to compel, as required under both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. *See* Fed. R. Civ. P. 37(a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); M.D. Fla. R. 3.01(g) ("Before filing any motion in a civil case, … the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion."). For example, with respect to Request for Production No. 2, Defendant specifically objected to producing pay stubs for employees who performed the Phase I-IV inspection on the subject aircraft as overbroad, unduly burdensome, and not reasonably limited in scope but stated that it would produce documents pertaining to the inspection pursuant to an appropriate confidentiality order. Such objection complied with the requirements set forth in the Federal Rule of Civil Procedure. *See* Fed. R. Civ. P. 34(b)(2)(C)("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."). Defendant asserts that the documents produced pursuant to the confidentiality order encompassed information pertaining to the employees who signed off on

3

the work and the objection as to pay stubs clearly described the objection and limitation of produced documents. Notwithstanding, Plaintiff never sought to address the issue of the pay stubs, nor any of the specific objections, until the untimely motion to compel. Nothing in the record indicates otherwise, and Plaintiff admitted as much during the hearing on the motion. Such failure warrants denial of the requested relief. Middle District Discovery (2015) at I.A.2 (stating that a motion that does not comply with the conferral requirement of Local Rule 3.01(g), which requires a substantive discussion, "may be summarily denied"); *Commodores Entm't Corp. v. McClary*, Case No. 6:14-cv-1335-Orl-37GJK, 2015 WL 12851548, at *2 (M.D. Fla. Nov. 13, 2015) (stating that motions to compel were due to be denied based on counsel's attempt to confer via e-mail on the last day of discovery and the lack of evidence in the record indicating that counsel ever conferred prior to filing the motions, even though opposing counsel was willing to confer); *Miller v. Summers*, Case No. 2:14-cv-347-FtM-38DNF, 2015 WL 12859329, at *1-2 (M.D. Fla. Sept. 25, 2015) (finding that a party's motions to strike were procedurally barred for failure to comply with Local Rule 3.01(g) and denying the motions on that basis); *Esrick v. Mitchell*, No. 5:08-cv-50-Oc-10GRJ, 2008 WL 5111246, at *1 (M.D. Fla. Dec. 3, 2008) ("Failure to comply with the good faith certification requirement of Rule 37(a)(1) and Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving part) (citations omitted). For the foregoing reasons, therefore, it is hereby

ORDERED:

1. Plaintiff's Motion to Compel Production of Documents and Deposition of Corporate Representative (Doc. 33) is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 21st day of December, 2017.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record

Case 8:16-cv-03453-SCB-AEP   Document 52   Filed 12/21/17   Page 5 of 5 PageID 1088