UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OIL CONSULTING ENTERPRISE, INC.,

    Plaintiff,

v.    Case No. 8:16-cv-3453-T-24-AEP

HAWKER BEECHCRAFT GLOBAL
CUSTOMER SUPPORT, LLC
d/b/a Hawker Beechcraft Services,
n/k/a Textron Aviation, Inc.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Strike the Supplemental Report of Plaintiff's Expert, Stanley Dapkunas. (Doc. No. 45). Plaintiff opposes the motion. (Doc. No. 55). The Court held a hearing on this motion on February 7, 2018. As explained below, the motion is denied.

## I. Background

In December of 2014, Plaintiff Oil Consulting Enterprise, Inc. contracted with Defendant Hawker Beechcraft Global Customer Support, LLC to perform a Phase I–IV pre-purchase inspection on a King Air 350 aircraft at Defendant's Tampa facility ("First Inspection"). (Doc. No. 46-2). During the First Inspection, no major corrosion damage was discovered.

On January 7, 2016, the aircraft was taken to the Cessna Service Center in San Antonio, Texas for a pre-purchase inspection ("Second Inspection"). During the Second Inspection, significant corrosion was discovered.

Plaintiff contends that the extensive corrosion that was discovered during the Second

Inspection must have existed during the First Inspection. As a result, on November 23, 2016, Plaintiff filed suit against Defendant in state court, and Defendant later removed the case to this Court. In its amended complaint, Plaintiff alleges that Defendant breached their contract to conduct the First Inspection and that Defendant negligently performed the First Inspection by failing to discover the extensive corrosion on the aircraft. (Doc. No. 18).

## II. Motion to Strike Supplemental Report

Defendant moves to strike Plaintiff's expert, Stanley Dapkunas', supplemental report because it contains new opinions and because it was not timely disclosed. Plaintiff contends that Dapkunas' supplemental report does not contain new opinions; it merely clarifies his prior opinions based on new evidence that Plaintiff received from Defendant after Dapkunas issued his report and after his deposition was taken.

The Court agrees with Defendant that the supplemental report contains new opinions. However, it is not clear whether or to what extent the new opinions were based on discovery that Defendant turned over after Dapkunas' initial report and deposition. Due to the late disclosed discovery and in an abundance of caution, the Court will not strike Dapkunas' supplemental report. See Benson v. Tocco, Inc., 113 F.3d 1203, 1209 (11th Cir. 1997)(stating that it was error to strike the plaintiffs' expert's late disclosed affidavit, because the delay was caused by the defendant's delayed disclosure of discovery on which the affidavit was based).

However, the Court will allow Defendant to re-depose Dapkunas regarding the opinions contained in his supplemental report. At the pretrial conference, which is scheduled for March 6, 2018, the Court can address the need for any additional discovery or supplemental reports resulting from the Dapkunas deposition.

### III. Conclusion

Accordingly, it is ORDERED AN ADJUDGED that Defendant's Motion to Strike the Supplemental Report of Plaintiff's Expert, Stanley Dapkunas (Doc. No. 45) is **DENIED**. Defendant may re-depose Dapkunas on or before *March 16, 2018*.

DONE AND ORDERED at Tampa, Florida, this 16th day of February, 2018.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record